***E-FILED - 11/30/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC C. JORDAN, | ) | No. C 10-3473 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL WITH |
| | ) | LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| B. DIXON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged violation was committed by a person acting under the color of state law. See West v.
4  Atkins, 487 U.S. 42, 48 (1988).

B.      Plaintiff's Claims

Plaintiff raises three claims in his complaint.  All three claims involve allegations that plaintiff's medical needs were not being met.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id.  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

For the reasons that follow, all the claims are deficient.

1.      Failure to renew medication

Plaintiff alleges that he filed an inmate grievance form on January 20, 2010, complaining that the medical staff at CTF negligently failed to renew his medication.  As a result, plaintiff suffered severe irritation and could not open his eyes for extended periods of time.  Plaintiff claims that this "negligence" violated his Eighth Amendment because it was cruel and unusual punishment.  Attached to his complaint, plaintiff includes the response from his second level appeal, in which the reviewer indicated that plaintiff's request for renewal of prednisolone or homafropine "is not medically approved" for patients with glaucoma, which plaintiff has.  (Ex. A.)

This claim is not cognizable.  A claim of medical malpractice or negligence is

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.10\Jordan473dwla.wpd        2

insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004). Moreover, at most, plaintiff's claim appears to be a difference of opinion rather than an act or omission of deliberate indifference. See id. at 1058-1060. In addition, liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Here, plaintiff fails to link any individual defendant with his alleged injuries.

This claim is DISMISSED. Plaintiff will be given an opportunity to amend this claim if he can do so in good faith.

### 2. Failure to treat chronic medical condition

Plaintiff next alleges that while he was in administrative segregation, he requested medical attention for his pre-diagnosed condition of kidney failure and high blood pressure. He requested that his chronic medical condition be treated and that he be placed in the "Medically Chronic Care Program." Plaintiff states that both requests were denied. The response to plaintiff's second level appeal stated that CTF had no "chronic care program," but allowed plaintiff to be monitored on an "as needed basis." The response also indicated that plaintiff had been routinely seen by medical staff in an attempt to address his ongoing issues.

In its current form, plaintiff's claim is not cognizable. Again, plaintiff's claim appears to be a difference of opinion rather than an act or omission of deliberate indifference. See Toguchi, 391 F.3d at 1058-1060. In order to demonstrate a "deliberate indifference," the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Farmer, 511 U.S. at 837. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060. Moreover, without naming any defendant in connection with this claim, the court cannot determine whether any defendant was personally involved in any

1 deprivation of plaintiff's civil right. See Barren, 152 F.3d at 1194.

2 This claim is DISMISSED. Plaintiff will be given an opportunity to amend this claim if
3 he can do so in good faith.

      3.     <u>Failure to follow dermatologist's orders</u>

Plaintiff alleges that he suffers from a severe dermatological condition, which causes severe discomfort, lesions, and scabbing. He requested treatment and was able to see an outside physician, who recommended certain treatments. Plaintiff alleges that medical staff was negligent in failing to follow those recommendations. Again, plaintiff does not link any specific defendant to the allegation, nor does he link any specific fact to any defendant's action or inaction. This claim is DISMISSED. Keeping in mind the elements of a claim of deliberate indifference, plaintiff will be given an opportunity to amend this claim if he can do so in good faith.

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 10-3473 RMW (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference.

If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. Plaintiff may not, for example, allege in summary fashion that defendant X was deliberately indifferent to his pain and suffering; rather, he must allege not only that defendant X knew that a serious harm existed and failed to abate it, but also offer facts that establish that the defendant's action or inaction violated federal law. **Failure to file an amended complaint**

1  **within thirty days and in accordance with this order will result in a finding that further**
2  **leave to amend would be futile and this action will be dismissed.**

3    3.    Plaintiff is advised that an amended complaint supersedes the original complaint.
4  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
5  in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
6  Defendants not named in an amended complaint are no longer defendants. See Ferdik v.
7  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

8    4.    It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
9  court informed of any change of address by filing a separate paper with the clerk headed "Notice
10 of Change of Address," and must comply with the court's orders in a timely fashion. Failure to
11 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
12 of Civil Procedure 41(b).

13    IT IS SO ORDERED.
14 DATED:  11/30/10

*Ronald M. Whyte*
RONALD M. WHYTE
15                                United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.10\Jordan473dwla.wpd         5